UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO. 2:21-CV-336-SPC-NPM

UNITED STATES OF AMERICA

    Plaintiff,

v.

DEFENDANT ARTICLES
IDENTIFIED IN PARAGRAPH
ONE
OF THE AMENDED VERIFIED
COMPLAINT,

    Defendant.
_____/

### MT BRANDS LLC'S ANSWER, AFFIRMATIVE DEFENSES AND DEMAND FOR A JURY TRIAL

Claimant, MT BRANDS LLC, through undersigned counsel, respectfully files this Answer and Affirmative Defenses to the Amended Verified Complaint for Forfeiture <u>In Rem</u>, ("Amended Complaint"), and in support hereof states:

1. Claimant admits the allegation in paragraph 1 of the Amended Complaint that this is an amended civil forfeiture action <u>in rem</u> brought by the United States pursuant to 21 U.S.C. Sec. 334 and that the items

in subparagraphs a-h were seized, but denies the rest of the allegations of that paragraph.

2. Claimant denies having sufficient knowledge with which to admit or deny the truth of the allegations contained in paragraph 2 of the Amended Complaint, as it states a legal conclusion.

3. Claimant admits the allegation that the Defendant Articles are articles of food located at the premises of Atofil in Fort Myers and Cape Coral, but denies having sufficient knowledge with which to admit or deny the truth of the rest of the allegations therein as they state a legal conclusion.

4. Claimant denies having sufficient knowledge with which to admit or deny the truth of the allegations contained in paragraph 4 of the Amended Complaint, as it states a legal conclusion.

5. Claimant admits the allegations contained in paragraph 5 of the Amended Complaint.

## FACTS

6. Claimant admits the allegation in paragraph 6 of the Amended Complaint that Atofil manufactures dietary supplements containing Kratom, and it receives bulk Kratom that is used in production of dietary supplements, but denies having sufficient knowledge with

which to admit or deny the truth of the rest of the allegations of that paragraph.

7. Claimant denies having sufficient knowledge with which to admit or deny the allegations contained in paragraph 7 of the Amended Complaint as that paragraph appears to state legal conclusions.

8. Claimant admits the allegations contained in paragraph 8 of the Amended Complaint.

9. Claimant admits the allegations contained in paragraph 9 of the Amended Complaint.

10. Claimant admits the allegations contained in paragraph 10 of the Amended Complaint.

11. Claimant denies the allegations contained in paragraph 11 of the Amended Complaint.

12. Claimant denies the allegations contained in paragraph 12 of the Amended Complaint.

13. Claimant denies the allegations contained in paragraph 13 of the Amended Complaint.

## BASIS FOR FORFEITURE

14. Claimant answers paragraph 14, which realleged and incorporated previous paragraphs by reference, in the same manner as those previous paragraphs are admitted or denied in this Answer.

15. Claimant denies the allegations contained in paragraph 15 of the Amended Complaint.

16. Claimant denies the allegations contained in paragraph 16 of the Amended Complaint.

17. Claimant denies the allegations contained in paragraph 17 of the Amended Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

18. Plaintiff lacks probable cause to bring this proceeding for condemnation under 21 U.S.C. Sec. 334.

### Second Affirmative Defense

19. There exists adequate information to provide reasonable assurance that the Defendant Articles do not present a significant or unreasonable risk of illness or injury, such that the Defendant Articles are not adulterated within the meaning of 21 U.S.C. Sec. 342(f)(1)(B).

### Third Affirmative Defense

20. The Defendant Articles are not a new dietary ingredient within the meaning of 21 U.S.C. Sec. 350b(d) because they were marketed in the United States prior to October 15, 1994, or were an ingredient of a dietary ingredient that was marketed in the United States prior to October 15, 1994.

### Fourth Affirmative Defense

21. Forfeiture of the Defendant Articles operates as an excessive fine prohibited by the Excessive Fines Clause of the Federal Constitution.

WHEREFORE, Claimant MT BRANDS LLC demands judgment in its favor in that the Amended Verified Complaint for Forfeiture In Rem should be dismissed with prejudice and that the Defendant Articles to which it has claimed should be released from the Warrant of Seizure into its custody with whatever other relief the Court deems just and proper.

### DEMAND FOR JURY TRIAL

The Claimant demands trial by jury of all issues so triable.

Respectfully Submitted,

**BECERRA LAW, P.A.**

     *\s\Robert J. Becerra*
Robert J. Becerra, B.C.S.
Florida Bar No. 856282
Counsel for Claimants
201 S. Biscayne Blvd.
Suite 800
Miami, Florida 33131
Tel: 305-375-0112
E-mail: rbecerra@rjbecerralaw.com