UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                            Case No. 2:21-CV-336-SPC-NPM

DEFENDANT ARTICLES
IDENTIFIED IN PARAGRAPH
ONE OF THE AMENDED
VERIFIED COMPLAINT,

    Defendant.
_____

## Uniform Case Management Report

The goal of this case management report is to "secure the just, speedy, and inexpensive determination of" the action. *See* Fed. R. Civ. P. 1. Under Local Rule 3.02(a)(2), this case management report should be used in all civil cases except those described in Local Rule 3.02(d). Individual judges may have additional case management preferences that can be found under each judge's name on the Court's website, flmd.uscourts.gov/judges/all.

**1. Date and Attendees**

> The parties may conduct the planning conference "in person, by telephone, or by comparable means[.]" *See* Local Rule 3.02(a)(1).

Local Rule 3.02(d) provides, "These proceedings are excepted from the requirements in (a) . . . (3) a forfeiture action in rem arising under a federal statute . . . ." Because the present case is a forfeiture action in rem under 21 U.S.C. § 334, *see* Am. Compl., doc. 5 ¶ 1, it is excepted Local Rule 3.02(a)(1)'s requirement that the parties conduct a planning conference. (*See also* Notice of Exception Under Local Rule 3.02(d), Doc. 21.) Rule 26 of the Federal Rules of Civil Procedure also exempts parties in seizure actions from the requirement of participating in a Rule 26(f) discovery conference. See Fed. R. Civ. P. 26(f)(1).

2. **Deadlines and Dates**

The parties request these deadlines and dates:

| Action or Event | Date |
|---|---|
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1).<br><br>*Rule 26 of the Federal Rules of Civil Procedure exempts parties in seizure actions from the requirement of exchanging initial disclosures. *See* Fed. R. Civ. P. 26(a)(1)(B)(ii). | N/A |
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | 8/27/2021 |
| Plaintiff's deadline for disclosing any expert report. *See* Fed. R. Civ. P. 26(a)(2). | 10/1/2021 |
| Defendant's deadline for disclosing any expert report. | 10/1/2021 |
| Deadline for disclosing any rebuttal expert report. | 11/1/2021 |
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | 11/29/2021 |
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c). | N/A |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.)<br><br>Plaintiff anticipates it may file a motion for summary judgement prior to January 3, 2022, while seeking a stay of discovery pending that motion. | 1/3/2022 |
| Deadline for participating in mediation. *See* Local Rules, ch. 4.<br><br>Dickinson & Gibbons, P.A.<br>401 North Cattlemen Road, Suite 300<br>Gateway Professional Center<br>Sarasota, FL 34232 | 1/10/2022 |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | 3/28/2022 |

| | |
|---|---|
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | 4/1/2022 |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | 4/22/2022 |
| Month and year of the trial term. | 5/3/2022 |

The trial will last approximately 4 days and be

☒ jury.

☐ non-jury.

3. **Description of the Action**

This is a civil forfeiture action *in rem* brought by Plaintiff, the United States of America, pursuant to 21 U.S.C. § 334 to seize and condemn Defendant Articles, namely dietary supplements containing *Mitragyna speciosa*, also known as kratom, and bulk kratom that is used in the production of dietary supplements. Plaintiff alleges that the Defendant Articles are dietary supplements within the meaning of the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. §§ 321(ff) and 321(ff)(1), that may not be introduced or delivered for introduction into interstate commerce pursuant to 21 U.S.C. § 331(a) because they are adulterated within the meaning of 21 U.S.C. § 342(f)(1)(B) in that they contain or are a new dietary ingredient, kratom, for which there is inadequate information to provide reasonable assurance that this ingredient does not present a significant or unreasonable risk of illness or injury.

4. **Disclosure Statement**

☒ The parties have filed their disclosure statement as required by Federal Rule of Civil Procedure 7.1 and Local Rule 3.03.

5. **Related Action**

☒ The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

3

6. **Consent to a Magistrate Judge**

> "A United States magistrate judge in the Middle District can exercise the maximum authority and perform any duty permitted by the Constitution and other laws of the United States." Local Rule 1.02(a). With the parties' consent, a district judge can refer any civil matter to a magistrate judge for any or all proceedings, including a non-jury or jury trial. 28 U.S.C. § 636(c).
>
> The Court asks the parties and counsel to consider the benefits to the parties and the Court of consenting to proceed before a magistrate judge. Consent can provide the parties certainty and flexibility in scheduling. Consent is voluntary, and a party for any reason can decide not to consent and continue before the district judge without adverse consequences. *See* Fed. R. Civ. P. 73(b)(2).

☐ The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

☒ The parties do not consent.

7. **Preliminary Pretrial Conference**

☒ The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

☐ The parties do request a preliminary pretrial conference, and the parties want to discuss enter discussion points.

8. **Discovery Practice**

   > The parties should read the Middle District Discovery Handbook, available on the Court's website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District.

   ☒ The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

9. **Discovery Plan**

   The parties submit the following discovery plan under Rule 26(f)(2):

   A. The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

      ☐ Yes.
      ☒ No; instead, the parties agree to these changes: Rule 26 of the Federal Rules of Civil Procedure exempts parties in seizure actions from the requirement of exchanging initial disclosures. *See* Fed. R. Civ. P. 26(a)(1)(B)(ii).

   B. Discovery may be needed on these subjects: (1) whether there is inadequate information to provide reasonable assurance that the Defendant Articles do not present a significant or unreasonable risk of illness or injury, such that the Defendant Articles are not adulterated within the meaning of 21 U.S.C. § 342(f)(1)(B); and (2) whether kratom is a new dietary ingredient within the meaning of 21 U.S.C. § 350b(d) because it was not marketed in the United States prior to October 15, 1994 and does not include any dietary ingredient which was marketed in the United States prior to October 15, 1994.

   C. Discovery should be conducted in phases:

      ☒ No.
      ☐ Yes; describe the suggested phases.

   D. Are there issues about disclosure, discovery, or preservation of electronically stored information?

      ☒ No.
      ☐ Yes; describe the issue(s).

    E.    ☒    The parties have considered privilege and work-product issues, including whether to ask the Court to include any agreement in an order under Federal Rule of Evidence 502(d).

    F.    The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

        ☒  No.
        ☐  Yes; describe the stipulation.

## 10. Request for Special Handling

    ☒  The parties do not request special handling.

    ☐  The parties request special handling. Specifically, describe requested special handling.

    ☐  Enter party's name unilaterally requests special handling. Specifically, describe requested special handling.

## 11. Certification of familiarity with the Local Rules

    ☒  The parties certify that they have read and are familiar with the Court's Local Rules.

## 12. Signatures

DATED this 12th day of July, 2021.

KARIN HOPPMANN
Acting United States Attorney

*/s/ Chad C. Spraker*
CHAD C. SPRAKER
Assistant United States Attorney
USA No. 198
2110 First Street, Suite 3-137
Fort Myers, Florida 33901
Telephone: (239) 461-2200
Fax: (239) 461-2219
Email: Chad.Spraker@usdoj.gov

*/s/ Robert J. Becerra*
Robert J. Becerra, B.C.S.
Florida Bar No. 856282
Counsel for Claimants
201 S. Biscayne Blvd.
Suite 800
Miami, Florida 33131
Tel: 305-375-0112
E-mail: rbecerra@rjbecerralaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 12, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notice of the filing to attorneys for Claimants BioBotanical, LLC and MT Brands, LLC.

*/s/ Chad C. Spraker*
CHAD C. SPRAKER
Assistant United States Attorney
